IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK D. MCKENNA, )
    Plaintiff, )
)
v. ) Civil Action No. 09-0367
)
PSS WORLD MEDICAL, INC. d/b/a )
PHYSICIAN SALES & SERVICE, )
    Defendant. )

MEMORANDUM and ORDER

Gary L. Lancaster
District Judge.                                                                                         July 9, 2009

       This is an action for declaratory judgment. Plaintiff, Mark D. McKenna, seeks a declaration regarding the validity of certain restrictive covenants that were part of his employment agreement with his former employer, defendant PSS World Medical, Inc. d/b/a/ Physician Sales & Service [doc. no. 1-2]. Plaintiff filed this action in the Court of Common Pleas of Allegheny County, Pennsylvania. Defendant removed it here on the basis of diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441 [doc. no. 1].

       Defendant has filed a motion to dismiss the complaint [doc. no. 4]. Defendant contends that the complaint should be dismissed because the asserted controversy is not sufficiently ripe to be heard pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a).

       For the reasons set forth below, defendant's motion will be granted.

I.  BACKGROUND

Plaintiff worked as a sales representative for defendant from 1999 until 2009. During his employment, on January 7, 2004, plaintiff entered into an employment agreement with defendant [doc. no. 1-2, ex. A]. The employment agreement includes a restrictive covenant that precludes plaintiff from competing with defendant for a one-year period following termination of his employment:

> 8. **Other Covenants.** During Employee's employment with Company and for a period of twelve (12) months thereafter, Employee shall not either directly or indirectly, on Employee's own or another's behalf, engage in or assist others in any of the following activities (except on behalf of the Company):
>
> (a) recruiting, or attempting to recruit for any person or Entity which competes or plans to compete with Company, any person employed by Company;
>
> (b) within Geographic Area, soliciting from any of Company's customers any business of the same type as the Company Business;
>
> (c) regardless of Geographic Area, soliciting from any of the Specified Customers any business of the same type as the Company Business, or
>
> (d) regardless of Geographic Area, (i) entering into an agreement with any Specified Customer to provide goods and services of the same type as the Company Business, (ii) accepting business from any Specified Customer of the same type as the Company Business, (iii) assisting a competitor of the Company in the

> solicitation from any specified customer of business of the same type as the Company Business, or (iv) encouraging or facilitating any Specified Customer to purchase goods and services of the same type as the Company Business from a competitor of the Company.

Id.

Plaintiff's employment with defendant ended on January 20, 2009. On March 26, 2009, plaintiff filed this action, pursuant to the Pennsylvania Declaratory Judgments Act, 42 Pa. Cons. Stat. § 7531 et. seq., in the Court of Common Pleas of Allegheny County seeking a declaratory judgment regarding, inter alia, the validity of the non-compete provision included in the employment agreement.

According to plaintiff's complaint, in March 2009, plaintiff became aware of certain opportunities for employment in sales with other medical supply companies. The complaint further alleges that plaintiff "is desirous of accepting a position of employment with another company, however, prospective employers are unwilling to hire him as a result of the existence of a restrictive covenant contained in Paragraph 8 of his January 7, 2004 Employment Agreement." [Doc. No. 1-2 at ¶18]. The complaint does not allege that plaintiff has been offered employment with another company, has accepted employment with another company, or that defendant has attempted to enforce the restrictive covenant.

On March 27, 2009, defendant removed the case to this court based upon diversity jurisdiction [doc. no 1]. On April 15,

2009, defendant filed a motion to dismiss.

II. SUBJECT-MATTER JURISDICTION

Defendant contends that plaintiff's complaint must be dismissed because it fails to allege a sufficiently ripe controversy for this court to issue a declaratory judgment. We agree.

An action for declaratory judgment is procedural in nature and purpose. Munich Welding, Inc. v. Great Am. Ins. Co., 415 F.Supp.2d 571, 574 (W.D. Pa. 2006). "A federal court exercising diversity jurisdiction follows federal procedural rules and, thus, federal law determines the rules to apply to a request for declaratory judgment relief in a given case." Id. (citing Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 352 (3d Cir. 1986)(noting that "it is settled law that, as a procedural remedy, the federal rules respecting declaratory judgment apply in diversity cases"); Britamco Underwriters Inc. v C.J.H. Inc. d/b/a Wheatsheaf Inn et. al., 845 F.Supp. 1090, 1092 (E.D. Pa. 1994) aff'd 37 F.3d 1485 (3d Cir. 1994)).

Article III, section 2 of the United States Constitution prohibits federal courts from deciding issues in which there is no "case" or "controversy". Step-Saver Data Sys., Inc., v. Wyse Tech., 912 F.2d 643, 647 (3d Cir. 1990) (citing U.S. Const. Art. III, §2). Consequently, "declaratory judgments can be issued only

when there is 'an actual controversy.'" Id. (citing 28 U.S.C. § 2201). Indeed, the Declaratory Judgment Act provides that:

> In a case of **actual controversy** within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a) (emphasis added). The Supreme Court has observed that for purposes of the Declaratory Judgment Act, the controversy "must be definite and concrete" requiring "specific relief" of a "conclusive character" and not "an opinion advising what the law would be upon a hypothetical state of facts." Step-Saver Data Sys., Inc., v. Wyse Tech., 912 F.2d at 647 (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937)). If a declaratory judgment action is not ripe for judicial review, the district court lacks subject matter jurisdiction and should dismiss the case. See Armstrong World Indus., Inc. v. Adams, 961 F.2d 405, 411-12 (3d Cir. 1992) (affirming the district court's dismissal based upon lack of subject matter jurisdiction where the complaint was not ripe for judicial review).

III. DISCUSSION

In determining whether a declaratory judgment action is sufficiently ripe to constitute a "controversy," the Court of

Appeals for the Third Circuit instructs that we focus on the following factors: (1) the adversity of interest between the parties, (2) the conclusivity that the a declaratory judgment would have on the legal relationship between the parties, (3) and the practical help, or utility of that judgment. Step-Saver Data Sys., Inc., 912 F.2d at 647. Application of the Step-Saver test demonstrates that plaintiff's complaint is not ripe for judicial review.

A.  Adversity Of Interest

"[A] plaintiff need not suffer a completed harm to establish adversity of interest between the parties." Armstrong World Indus., Inc., 961 F.2d at 412. The plaintiff, however, must demonstrate that the probability of a feared future event occurring is "real and substantial, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Id. (internal quotations omitted) (citing Salvation Army v. Dep't. of Community Affairs, 919 F.2d 183, 192 (3d Cir. 1990). The Court of Appeals for the Third Circuit has made clear that "[w]here the plaintiff's action is based on a contingency, it is unlikely that the parties' interests will be sufficiently adverse." Id. at 411-12.

Here, the allegations of the complaint fail to demonstrate that the probability of the feared future event - plaintiff working for a competing business in contravention of the non-compete provision of the employment agreement - is real and substantial.

The complaint does not allege that plaintiff been offered employment with another company in the same business as defendant; the complaint does not allege that plaintiff has accepted employment with another company in the same business as defendant; and, there is no allegation that defendant has attempted to enforce the restrictive covenant. Rather, plaintiff seeks a determination of his rights under the employment agreement based upon a contingency - that plaintiff is offered employment in contravention of the employment agreement and that plaintiff accepts the offer. The parties' interests are, therefore, insufficiently adverse. <u>See</u> <u>Step-Saver Data Sys., Inc.</u>, 912 F.2d at 648; <u>see also</u> <u>Armstrong World Indus., Inc.</u>, 961 F.2d at 413.

B. <u>Conclusivity</u>

In addition to having adversity of interest between the parties, the action must be based on a "real and substantial controversy" seeking "specific relief" through a "decree of a <u>conclusive</u> character." <u>Armstrong World Indus., Inc.</u>, 961 F.2d at 412 (emphasis in original) (quoting <u>Step-Saver Data Sys., Inc.</u>, 912 F.2d at 649). The action lacks conclusivity if it seeks an opinion "advising what the law would be upon a hypothetical set of facts." <u>Id</u>. "A declaratory judgment granted in the absence of a concrete set of facts would itself be a contingency, and applying it to actual controversies which subsequently arise would be an exercise in futility." <u>Armstrong World Industries, Inc.</u>, 961 F.2d at 412

(internal quotation omitted) (citing <u>Step-Saver</u>, 912 F.2d at 648).

Here, again, we have no concrete set of facts. Plaintiff seeks a declaration as to the enforceability of a restrictive covenant that plaintiff has not yet breached and which defendant has not yet attempted to enforce. As such, plaintiff is asking the court to construe a contract based upon a hypothetical set of facts. Any judgment interpreting the employment agreement would, therefore, lack the necessary conclusivity. Indeed, one of our sister courts has specifically held that interpreting the non-competition clause of an agreement "without finding the necessary facts constitutes advisory opinion writing, and that is constitutionally forbidden." <u>Simms v. Exeter Architectural Products, Inc.</u>, 868 F.Supp. 677, 684 (M.D. Pa. 1994) (quoting <u>Step-Saver Data Sys., Inc.</u>, 912 F.2d at 649).

C. <u>Utility</u>

The final <u>Step-Saver</u> factor is the "practical help, or utility" of a declaratory judgment. <u>Armstrong World Industries, Inc.</u>, 961 F.2d at 423. "The proper focus of the utility inquiry is the effect of a declaratory judgment on the parties' plans of actions - not <u>third</u> parties' plans of action." <u>Id</u>. (emphasis in original).

Instead of focusing on the plaintiff's or the defendant's plan of action, here, the complaint speaks to third parties' plans of action - those of prospective employers. Plaintiff asserts that

his claim is ripe because "he was denied an offer of employment after disclosing the presence of the non-competition clause to a prospective employer." [Doc. No. 11 at 3]. Therefore, the complaint implies that a finding that the non-competition provision is unenforceable would likely result in prospective employers offering plaintiff employment. However, whether a declaratory judgment regarding the employment agreement would effect the acts of prospective employer's is not relevant for determining the utility of a declaratory judgment in this case. We find the utility of a declaratory judgment in this case would be minimal.

IV. CONCLUSION

For the reasons set forth above, plaintiff's complaint is not ripe for judicial review. We will, therefore, dismiss the complaint for lack of subject matter jurisdiction.[1]

---

[1] We note, parenthetically, that even if subject matter jurisdiction existed, we could decline to exercise jurisdiction in this declaratory judgment action. The Declaratory Judgment Act does not mandate that federal district courts exercise jurisdiction over every declaratory judgment action. See 28 U.S.C. § 2201(a). The Act affords district courts "unique and substantial discretion in deciding whether to declare the rights of litigants." Wilton v. Seven Falls Co., 515 U.S. 277, 286; see also State Auto Ins. Cos. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000). The Supreme Court has referred to the Act as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton, 515 U.S. at 287 (internal quotations omitted) (citations omitted); see also Summy, 234 F.3d at 136. Thus, under the Act, district courts possess discretion in determining whether and when to entertain a declaratory judgment action, even when the suit otherwise satisfies the prerequisites for subject matter jurisdiction.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARK D. MCKENNA, )
    Plaintiff, )
)
v. ) Civil Action No. 09-0367
)
PSS WORLD MEDICAL, INC. d/b/a )
PHYSICIAN SALES & SERVICE, )
    Defendant. )

<u>ORDER</u>

AND NOW, this 9th day of July, 2009, upon consideration of defendant's motion to dismiss [doc. no. 4], IT IS HEREBY ORDERED THAT the motion is GRANTED. The case is dismissed without prejudice.

BY THE COURT:

_____, J.

cc: All Counsel of Record